IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DERALL B. PALMORE,                    :
                                      :
        Petitioner,                   :
                                      :
    VS.                               :        7 : 12-CV-71 (HL)
                                      :
DONALD BARROW,                        :
                                      :
        Respondent.                   :
                                      :

**RECOMMENDATION**

Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2007 Cook County guilty pleas to child molestation, kidnapping, aggravated battery, cruelty to a child in the first degree, tampering with evidence, and obstruction of an officer. (Doc. 1). Petitioner was sentenced to a "split" sentence of twenty (20) years, fifteen (15) to serve with the remaining balance probated.

Petitioner filed his first state habeas petition on August 28, 2008 in the Superior Court of Washington County. (Doc. 11-1). Petitioner amended his first state habeas petition on January 14, 2009. (Doc. 11-2). The state habeas court denied relief, and Petitioner=s application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on March 29, 2010. (Docs. 11-3; 11-4). Petitioner filed a second state habeas petition on August 12, 2010. (Doc. 11-5). The state habeas court dismissed the petition because it was "impermissibly successive." (Doc. 11-6). Petitioner filed this federal habeas Petition on May 17, 2012. (Doc. 1).

**Standard of Review**

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id*. at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407.  "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, Petitioner must first establish that the state habeas court's adjudication of his

claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).   In other words, as this is a post-AEDPA case, the Petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court made a decision based on an unreasonable determination of the facts. *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d).

## **Petitioner's Habeas Claims**

In his Petition for federal habeas relief and his Brief supporting his Petition, Petitioner sets forth the following ground for relief: his due process rights were violated because the state failed to prove the element of asportation beyond a reasonable doubt pursuant to *Garza v. State*, 284 Ga. 696 (2008).   (Doc. 1-1).   Petitioner also filed an Amended Petition adding the following ground for relief: Petitioner's due process rights were violated when the trial court failed to advise him of his "*Boykins* (sic)" rights before accepting his guilty plea. (Doc. 8).

*Procedural Default*

Respondent asserts that Ground 1 is procedurally defaulted under Georgia's successive petition rule, as Petitioner raised this claim in a second state habeas petition and the state habeas court dismissed the petition as successive.   (Doc. 9-1).   Under Georgia law, any grounds for habeas relief not raised in an original or amended habeas petition

> are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for

3

>relief asserted therein which could not reasonably have been raised in the original or amended petition.

O.C.G.A. § 9-14-51. Further, the Supreme Court held in *Coleman v. Thompson,* 501 U.S. 722, 750 (1991):

>We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or can establish a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman*, 501 U.S. at 724. Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

To prove prejudice, a petitioner must show not merely that errors at trial created a possibility of prejudice, "but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 495 (quoting *United States v. Frady*, 456 U.S. 152, 156 (1982)). The U.S. Supreme Court made clear that both cause

4

and actual prejudice must be shown, and specifically rejected the contention that cause need not be shown if actual prejudice was shown. *Murray*, 477 U.S. at 495.  Additionally, a mere possibility of actual prejudice resulting from an error at trial will not waive the procedural default bar where other substantial evidence of guilt is present. *Wainwright,* 433 U.S. at 91.

Herein, Petitioner asserts that *Garza* was not retroactively applied until *Hammond v. State*, 289 Ga. 142 (2011), which would overcome any procedural bar. (Doc. 1-1).  The Court notes Petitioner first raised Ground 1 in his second state habeas petition, filed in August of 2010, which was well before the decision in *Hammond.*  At the time of his second state habeas petition, the state habeas court found that Petitioner could have raised the *Garza* claim in the original state petition. As such, Petitioner's assertion that *Garza* was not applicable until 2011 is unfounded. Additionally, Ground 1 alleges that the state failed to prove an element of kidnapping beyond a reasonable doubt.  (Doc. 1-1).  As Petitioner entered a guilty plea, the state did not have the burden of proving the elements of the crime of kidnapping beyond a reasonable doubt.

Petitioner has provided no evidence to establish cause and actual prejudice to excuse the procedural default of Ground 1, nor has he established a fundamental miscarriage of justice if his claim is not heard.  Accordingly, this Court must defer to the state court's findings of procedural default.  *Coleman*, 501 U.S. at 750; *Mincey v. Head*, 206 F.3d 1106, 1135-36 (11th Cir. 2000).

The state habeas court found that Ground 1 "could reasonably have been raised in the Petitioner's prior habeas corpus action and that when his case was called for a hearing, Petitioner failed to show cause why the claim could not have been raised earlier."  (Doc. 11-6, p. 2).  As a result, the state habeas court determined that the "petition [was] impermissibly successive." (*Id.*).  The state habeas court dismissed Ground 1 pursuant to an "independent and adequate state

procedural rule." *Coleman*, 501 U.S. at 750.  As Petitioner provides no new evidence demonstrating cause and prejudice, this Court, deferring to the state court's decision, finds that Ground 1 of Petitioner's Petition is procedurally defaulted.  Thus, Petitioner is not entitled to habeas relief on this ground.

*Lack of merit*

In Ground 2, Petitioner alleges that the trial court erred by failing to advise Petitioner of his "*Boykins* (sic)" rights.  (Doc. 8).  Respondent maintains that Ground 2 lacks merit as it has been decided adversely to Petitioner in the state court.  (Doc. 13-1).

The state habeas court made findings of fact regarding the issue of Petitioner's guilty plea after conducting an evidentiary hearing.  The state habeas court found the following relevant facts:

> Petitioner was advised of the terms of the plea agreement and the State's recommendation [for sentencing].  Petitioner accepted the plea agreement.
>
> Petitioner was advised of the minimum and maximum sentences for the charges.  Counsel testified that he or someone from his Public Defender's Office reviewed a waiver of rights form with the Petitioner.  Said form was tendered into evidence.  Petitioner's initials appear next to each of the questions contained in the form.  The waiver of rights form also bears the signatures of the Petitioner and Mr. Bessonette[, Petitioner's counsel].  Petitioner testified at the guilty plea hearing that counsel had informed him of his rights and he understood his rights.  Mr. Bessonette testified that he was satisfied that Petitioner was advised of the constitutional rights he was waiving by pleading guilty.  Petitioner was not coerced to plead guilty.  The trial court determined that the Petitioner's guilty plea was freely, voluntarily, and knowingly entered.

(Doc. 11-3, p. 3) (internal citations omitted).

The state habeas court explicitly applied the standard found in *Boykin v. Alabama*, 395

U.S. 238 (1969), and determined that the evidence did not support Petitioner's contention that "the trial court failed to apprise the Petitioner of the constitutional rights he was waiving by pleading guilty." (*Id.* at p. 4).

The state habeas court applied the correct standard for evaluation of the trial court's finding that Petitioner's rights were not violated when he entered his guilty plea. "In *Boykin*, the Supreme Court held that the due process clause of the fourteenth amendment allows a state court to accept a guilty plea only if it is entered knowingly, voluntarily, and intelligently." *Stano v. Dugger*, 921 F.3d 1125, 1166 (11th Cir. 1991); *see also Boykin*, 395 U.S. at 242-43. The courts are instructed to "make sure [the defendant] has a full understanding of what the plea connotes and of its consequence." *Boykin*, 395 U.S. at 244. Regarding rights that may be waived in plea bargains, "there is no constitutional requirement that [the rights] be discussed or acknowledged in the guilty plea colloquy." *Allen v. Thomas*, 161 F.3d 667, 670 (11th Cir. 1998).

Here, the state habeas court found that the trial court determined that Petitioner entered his guilty plea freely, voluntarily, and knowingly. (Doc. 11-3, p. 3). Additionally, the habeas court determined that

> Counsel testified that he or someone from the Public Defender's Office reviewed a waiver of rights form with the Petitioner. Said form was tendered into evidence. Petitioner's initials appear next to each of the questions contained in the form. The waiver of rights form also bears the signatures of the Petitioner and Mr. Bessonette. Mr. Bessonette was satisfied that Petitioner was advised of the constitutional rights he was waiving by pleading guilty. In addition, Petitioner testified at the guilty plea hearing that counsel had informed him of his rights and he understood his rights. Therefore, Petitioner's claim that he was not apprised of the constitutional rights he was waiving by pleading guilty is without merit.

7

(Doc. 11-3, p. 4).   In his Amended Petition, Petitioner only provided an explanation of his claims, and failed to provide any evidence showing the state court's decision was either contrary to or an unreasonable application of Federal law. (*See* Doc. 8).   The state court's analysis regarding the plea hearing reveals that its conclusions were neither contrary to nor an unreasonable application of clearly established Federal law.   Thus, this Court is prohibited from issuing habeas relief on the basis of Ground 2.   28 U.S.C. §§ 2254(d)(1) & 2254(e)(1); *Williams v. Taylor*, 529 U.S. 362, 387-388 (2000).

*Conclusion*

As the grounds raised by Petitioner will not support the granting of federal habeas relief, it is the recommendation of the undersigned that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**.   Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 17th day of May, 2013.

s/ *THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**